UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TYZELL MYRICK,<br><br>Defendant. | Case No. 25-mj-151 |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States respectfully submits this memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(d)(1)(A)(iii) (Defendant on probation or parole) and 18 U.S.C. § 3142(f)(1)(E) (felony involving possession of a firearm), as the defendant, Tyzell Myrick, is charged with violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm). At the time the defendant committed the instant offense, he was on supervised release for Hobbs Act Robbery and Carrying, Brandishing, or Possession of a Firearm During a Crime of Violence. The evidence presented to the Court shows that the defendant poses a demonstrated danger to the public if he were released. As described below, all four statutory factors in § 3142(g) strongly favor pretrial detention.

**I.  Factual and Procedural History**

On August 17, 2025, at around 12:00 AM, MPD officers were conducting a patrol at 908 Florida Avenue NW, Washington, DC 20001, when they observed Tyzell Myrick ("Myrick") emerge from a gas station. Officer Chase Williams ("Officer Williams") immediately observed a large rectangular bulge in MYRICK's front waistband that was inconsistent with human anatomy.

As officers approached to investigate Myrick for illegally carrying a firearm, Myrick bladed his front waistband from the officers by turning around and walking away from the officers

to the wall of the gas station. Officer Williams stopped Myrick and proceeded to conduct a protective pat down for officer safety. Officer Williams immediately detected the presence of a handgun during the pat down of Myrick's pants.



*Figure 1: Still shot from Officer Chase Williams's body worn camera (BWC) depicting the recovery of the firearm from MYRICK's pants.*

The recovered firearm was a Glock 22 .40 caliber pistol bearing serial number BDT705US, loaded with one round of .40 caliber ammunition in the chamber, and an additional 20 rounds in the 22 round capacity magazine.

At the time of his arrest, Myrick had previously been convicted of a crime punishable by more than one year in prison, specifically in 2018 in U.S. District Court for the District of Maryland Case Number 17-CR-00513 (PX), where MYRICK was convicted of (1) Interference with

Interstate Commerce by Robbery and (2) Use, Carry and Brandish a Firearm During and in Relation to a Crime of Violence, and sentenced to 6 months and 84 months of incarceration on the two counts, respectively. Accordingly, Myrick would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was possessing the firearm and ammunition.

On August 18, 2025, this Court signed a complaint, charging Myrick with one count of violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm). On August 19, 2025, at the defendant's initial appearance, the government orally moved for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report (PSR). A detention hearing is set for August 26, 2025.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). *See also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. *See Smith*, 79 F.3d at 1210; *Williams*,

798 F. Supp. at 36.

### 1. The United States' Bases for Detention

The United States seeks detention pursuant to §§ 3142(d)(1)(A)(iii) (defendant on probation or parole) and 3142(f)(1)(E) (felony involving possession of a firearm), because the defendant is charged with possession of a firearm while he was on supervision in 2018 in U.S. District Court for the District of Maryland Case Number 17-CR-00513 (PX).

As the Court is aware, 18 U.S.C. § 3142(g) enumerates four factors that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. Each of these factors weighs in favor of pretrial detention in this case. *See* 18 U.S.C. § 3142(g).

### A.    The Nature and Circumstances of the Offenses Weigh in Favor of Detention

The nature of the defendant's conduct is serious and weighs heavily in favor of pretrial detention in this case. The defendant is charged with possessing a loaded semi-automatic firearm under § 922(g)(1)—a serious crime carrying up to 15 years in prison under § 924(a)(8).

As a threshold matter, the Court has repeatedly held that possession of a firearm, when loaded or carried in a concealed manner as in this case, poses a risk of danger to the community. *See, e.g., United States v. Howard*, No. 20-mj-181 (BAH), 2020 U.S. Dist. LEXIS 172978, 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community."); *United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession

4

by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public."). Judges of this Court have warned against discounting the inherent danger associated with loaded firearms. *See, e.g.*, *United States v. Blackson*, No. 23-CR-25 (BAH), 2023 WL 1778194, at *7–8 (D.D.C. Feb. 6, 2023) (Howell, C.J.) (the absence of evidence of "use" "does little to detract from" the danger posed by a firearm "loaded with 19 rounds of ammunition in an extended magazine, . . . more ammunition than the gun was originally manufactured to carry, thereby increasing its potential to do greater harm" and placement "at the ready, on his person, and easily within reach"), *aff'd,* No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023); *see also United States v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020) (Faruqui, M.J.) (holding that a defendant should be detained pretrial in part because "the firearm recovered from the Defendant's person had a round already chambered, making the circumstances even more troubling"), *aff'd* (D.D.C. Nov. 5, 2020).

In this instance, Myrick was illegally carrying a firearm, loaded with one round in the chamber and 20 rounds in the magazine, on a Saturday night in one of the busiest areas for nightlife in the entire city, as he was just a block away from U Street Northwest and the 9:30 Club. *See* Figure 2, *infra.* Further, Myrick was carrying this firearm just blocks away from Howard University and Howard University Hospital. *See id.* The lethality of the defendant's firearm is also a factor the Court should consider. The defendant's firearm was further enhanced by its extended magazine. An extended magazine is an after-market product designed to carry more ammunition than the firearm was originally manufactured to carry. Its purpose is to allow for more rounds to be fired at one time than originally designed. More rounds mean more harm to other people.

5



*Figure 2: Map depicting where the defendant was illegally carrying the firearm. Visible near the Crown Gas station are U Street, the 9:30 Club, Howard University, and a variety of other areas of congregation.*

Furthermore, the defendant illegally possessed this firearm while on court supervision for two violent felony offenses (1) Interference with Interstate Commerce by Robbery and (2) Use, Carry and Brandish a Firearm During and in Relation to a Crime of Violence. Despite the defendant's inability to legally purchase firearms, he nevertheless obtained one in this case. Because the defendant could not have purchased the firearm legally, he therefore had an illicit source for firearms. That the defendant unlawfully obtained a firearm while on supervised release demonstrates his failure to comply with any conditions of release and the law. As such, the nature and circumstances of these offenses weigh heavily in favor of detention.

    B.    <u>**The Weight of the Evidence Against the Defendant Favors Pretrial Detention**</u>

The weight of the evidence against the defendant also weighs heavily in favor of pretrial

detention. The weight of the evidence should be considered equally with the other § 3142 factors. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 U.S. Dist. LEXIS 18988, at *29-30. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). Moreover, the Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang*; this factor should be given no less weight than any other factor.

Indeed, "if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *29-30. And so, it is in this case, the weight of the evidence increases the prospect that the defendant will present a danger to the community if released.

Here, MPD recovered a loaded firearm with an extended magazine from the defendant's underwear, all of which was captured on MPD body worn camera. All told, the evidence is strong, which weighs in favor of detention.

## C. The Defendant's History and Characteristics Weigh in Favor of Detention

The third factor—the history and characteristics of the defendant—heavily favors detention as the defendant is currently on federal supervision for two violent felonies. On July 28, 2017, at approximately 8:00 PM, Myrick and a co-conspirator entered a Gamestop in Seat Pleasant, Maryland and locked the door. Myrick ordered the two employees to surrender their cell phones, open the register, and open the safe. Myrick brandished a Smith & Wesson 9mm semi-automatic pistol while robbing the employees. Myrick removed approximately $1,328 from the safe and fled the store.

At approximately 8:08 PM, a police officer ordered Myrick and the co-conspirator to stop. They refused and drove away. While attempting to flee the police, Myrick and the co-conspirator drove into incoming traffic, collided with another occupied vehicle, and continued to flee. For approximately 20 more minutes, Myrick and the co-conspirator attempted to flee police by driving in both Washington, D.C. and Maryland. The chase ended in Hyattsville, Maryland, where Myrick was detained.

Myrick pleaded guilty to (1) Interference with Interstate Commerce by Robbery and (2) Use, Carry and Brandish a Firearm During and In Relation to a Crime of Violence, and, on September 17, 2025, the U.S. District Court for the District of Maryland sentenced Myrick to six months' incarceration as to the Robbery, and 84 months' incarceration as to brandishing the firearm.

The defendant has been provided the opportunity on supervised release to become a law-abiding citizen and reintegrate into society after committing a violent offense. Instead, the defendant has taken this opportunity to bring a loaded semi-automatic pistol with an extended

magazine into one of the busiest areas for nightlife in Washington, D.C. This factor weighs strongly in favor of detention.

      **D.**      <u>**The Danger to the Community Created by Defendant's Release Weighs in Favor of Detention**</u>

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, similarly weighs heavily in favor of detention. The D.C. Circuit has noted that "'[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community,'" pretrial detention is available to "'disable the arrestee from executing that threat.'" *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). This requires the court to make a "forward looking determination" about the defendant's risk of danger to the community, keeping in mind that detention may be justified even if the court does not explicitly find that the defendant is a risk of committing acts of violence. *United States v. Hale-Cusanelli*, 3 F.4th 449, 456 (D.C. Cir. 2021) (citing *Munchel*, 991 F.3d at 1283).

Here, the defendant poses an obvious and articulable threat to the community as evidenced by his violent history and brandishing a firearm during the commission of a crime of violence. Magistrate Judge Harvey stated on the record in *U.S. v. Dwayne Taylor*, 25-mj-116, that when making the "forward looking determination" under *Munchel,* in a firearms possession case, that the Court is evaluating whether the defendant may use that firearm to commit a violent act. Here, the record is clear that the defendant has brandished a firearm during a crime of violence. That the defendant is now charged with possessing a firearm while on federal supervised release demonstrates that the defendant remains a danger to the community and that the court cannot set any conditions that will ensure the safety of the public.

9

### III. Conclusion

The government respectfully requests that the court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY
D.C. Bar No. 481866

By: /s/ *David B. Liss*
DAVID B. LISS
Special Assistant United States Attorney
D.C. Bar No. 90017629
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-680-4025
Email: David.liss2@usdoj.gov
